IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS BRANDY STREDIC, § | | |
| TDCJ #789666, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-3740 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

Petitioner Louis Brandy Stredic is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a petition for a federal writ of habeas corpus relief from one or more state court judgments. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** without prejudice for reasons set forth below.

### I.    PROCEDURAL HISTORY

Stredic is presently incarcerated at TDCJ's Montford Unit in Lubbock, Texas. Stredic has filed a hand-written motion seeking relief from a state court judgment, which he claims has resulted in his illegal confinement. Liberally construed, Stredic complains that he is illegally confined because he is "incompetent" and therefore "innocent."

Records reflect that Stredic is in custody pursuant to a criminal conviction entered against him in the 23rd Judicial District Court of Brazoria County, Texas. The Court takes

judicial notice that Stredic has filed previous federal habeas corpus petitions to challenge this conviction, and that these previous challenges have been dismissed. *See Stredic v. Stevens*, Civil Action No. G-00-0508 (S.D. Tex. July 24, 2001) (dismissing as barred by the governing one-year statute of limitations); *Stredic v. Dretke*, Civil Action No. G-02-0517 (S.D. Tex. July 8, 2004) (dismissing as barred by the governing one-year statute of limitations); *Stredic v. Cockrell*, Civil Action No. G-02-0366 (S.D. Tex. June 3, 2002) (dismissing as successive); *Stredic v. Dretke*, Civil Action No. H-05-1983 (S.D. Tex. June 14, 2005) (dismissing as successive); *see also Stredic v. Aldrich*, Civil Action No. H-05-3309 (S.D. Tex. Oct. 3, 2005) (noting that Stredic is also barred under 28 U.S.C. § 1915(g) from filing civil rights actions *in forma pauperis* because of his record of filing frivolous suits). For reasons outlined briefly below, this Court concludes that Stredic's pending petition is subject to dismissal for lack of jurisdiction.

**II.     DISCUSSION**

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the

pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d at 235. Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The claims in this case, which primarily involve Stredic's allegations of incompetency, have been presented previously. Thus, the pending petition meets the "second or successive" criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The petitioner has not presented the requisite authorization. Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775. Accordingly, the petition must be dismissed as an unauthorized successive writ.

### III.     CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed.  *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim.  Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

### IV.     CONCLUSION

Accordingly, because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. This federal habeas corpus proceeding is **DISMISSED** without prejudice for lack of jurisdiction.

2. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on December 5th, 2006.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge